# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2025

Lyle W. Cayce
Clerk

No. 24-60541
Summary Calendar

———————————

Shan Ming Wang,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 417 857

———————————————————

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Shan Ming Wang, a native and citizen of China, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of an immigration judge (IJ) denying asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Wang challenges the BIA's conclusion that he failed to

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

provide sufficient corroborating evidence of the medical treatments he alleges he received for the injuries he suffered from being beaten by Chinese government officials and that his explanations were unpersuasive.

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). The BIA's factual findings are reviewed for substantial evidence, and its legal conclusions are reviewed de novo. *Id.* "Under the substantial evidence standard, reversal is improper unless the court decides not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Id.* at 218 (internal quotation marks and citation omitted).

Wang asserts that his credible testimony was sufficient to meet his burden of proof and the Immigration and Nationality Act does not specify that an IJ "must require corroboration." However, regardless of whether Wang's testimony was credible, the IJ was permitted to require that he submit corroborating evidence that was reasonably available. *See Avelar-Oliva v. Barr*, 954 F.3d 757, 764 (5th Cir. 2020); *see also* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence.").

The failure to provide such corroborative evidence as ordered can be fatal to the applicant's claims for relief. *Avelar-Oliva*, 954 F.3d at 764. The BIA's determinations "with respect to the availability of corroborating evidence" are factual findings that this court reviews for substantial evidence and will uphold "unless the court finds a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." *Rui Yang v.*

No. 24-60541

*Holder*, 664 F.3d 580, 587 (5th Cir. 2011) (internal quotation marks and citation omitted); *see* 8 U.S.C. § 1252(b)(4) (so providing).

Wang does not dispute the agency's findings regarding his lack of effort to obtain corroborating evidence to support his claim of medical treatment. Nor has he addressed, either before the BIA or in this review proceeding, that the medical records he submitted following the BIA's prior remand order "stem from treatments received after [the BIA] remanded the case." Nevertheless, Wang fails to show that the record compels the reversal of the BIA's determination that he failed to provide sufficient corroborating evidence of his claim of medical treatment. *See Orellana-Monson*, 685 F.3d at 518; *Rui Yang*, 664 F.3d at 587.

The petition for review is DENIED.